

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00058-CR

---

KIRK DEWAYNE MCCLAIN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 100th District Court
Childress County, Texas
Trial Court No. 6736, Honorable Dale A. Rabe, Presiding

---

September 30, 2024

## MEMORANDUM OPINION

Before QUINN, C.J. and PARKER and DOSS, JJ.

Kirk Dewayne McClain appeals from the trial court's order revoking his deferred adjudication, adjudicating him guilty of the offense of aggravated assault of a child, sentencing him to 80 years in prison, and assessing a fine of $500. Two issues pend for review. We overrule each, modify the judgment, and affirm the judgment as modified.

*Issue Two*

We begin our analysis with issue two.  Through it, appellant contends that the State failed to prove he violated a term or condition of his community supervision.  We overrule the issue.

An appeal from a court's order adjudicating guilt is reviewed in the same manner as a revocation hearing.  *See* TEX. CODE CRIM. PROC. ANN. art. 42A.108(b).  The sole question is whether the trial court abused its discretion.  *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013).  It does if the State fails to establish by a preponderance of the evidence that the defendant violated a condition or term of his community supervision. *Jones v. State*, 07-13-00430-CR, 2014 Tex. App. LEXIS 5694, at *3 (Tex. App.—Amarillo May 28, 2014, no pet.) (mem. op., not designated for publication) (discussing the State's burden of proof).  Finally, proving any one purported violation alleged in the State's motion to adjudicate guilt permits revocation of community supervision and adjudication of guilt. *Id.; accord, Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012).

Through condition 33 of his community supervision, appellant was barred from, among other things, "going online or having access to the World Wide Web, internet or social media."  So too was he required to "immediately delete all social media accounts." Yet, evidence of record illustrates that he did not do the latter.  It appears in the form of appellant's admitting to having at least one registered Facebook account.  The admission was made to a detective charged with monitoring "sex offender registration and compliance."  And, they constitute the requisite level of evidence proving a violation of condition 33.  Simply put, the State proved appellant failed to delete all his social media

2

accounts as ordered. Thus, the trial court did not err in revoking appellant's probation and adjudicating his guilt.

### Issue One

By his first issue, appellant argues the trial court abused its discretion when it admitted Facebook messages through the testimony of the victim, his daughter, without a proper showing of authenticity. The messages came from a Facebook account registered to "Amy Wood." We overrule the issue.

Assuming *arguendo* error occurred, it was harmless. This is so because the "Amy Wood" account differed from the Facebook accounts registered to appellant and discussed in Issue Two. Again, he acknowledged that the latter were his. And, proof of owning them supported the decision to revoke probation irrespective of whether he also utilized the "Amy Wood" account for any purpose. Thus, admitting evidence of the "Amy Wood" account did not affect appellant's substantive rights and, therefore, cause harm. *See* TEX. R. APP. P. 44.2(b) (requiring errors of non-constitutional magnitude to affect substantial rights before a conviction may be reversed); *Miller v. State*, No. 07-10-0511-CR, 2011 Tex. App. LEXIS 9247, at *5-6 (Tex. App.—Amarillo Nov. 22, 2011, no pet.) (mem. op., not designated for publication) (involving an appeal from a judgment adjudicating guilt and stating that "even if [appellant] had preserved the matter, we would consider the supposed error harmless, given his admission that he failed to report his arrest within 48 hours. That [alone] was enough to warrant the trial court's decision, and it did not involve the legitimacy of the stop for which the video could be relevant").

***Modify Judgment***

A fine and court costs were assessed in the judgment adjudicating appellant's guilt and manifesting his sentence. Yet, neither were orally pronounced in open court. Appellant argues the judgment should be modified to delete them for that reason. The State agrees as to the fine but not the costs. We sustain appellant's complaint regarding the fine but overrule it as to costs.

Fines and restitution are part of a convicted defendant's punishment. *Weir v. State*, 278 S.W.3d 364, 366 (Tex. Crim. App. 2009). Furthermore, punishment must be pronounced orally at time of sentencing. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). Because the trial court did not orally pronounce imposition of a fine when sentencing appellant after adjudicating guilt, inclusion of same in the judgment constituted error. And, again, the State conceded as much.

The same is not true of the court costs, however. Mandatory court costs do "not have to be included in the oral pronouncement of sentence . . . as a precondition to their inclusion in the trial court's written judgment." *Weir*, 278 S.W.3d at 367. Therefore, the trial court did not err by imposing mandatory court costs in the written judgment without pronouncing them at sentencing.

We modify the judgment to redact the assessment of the $500 fine on appellant and affirm the judgment as modified.

> Brian Quinn
> Chief Justice

Do not publish.

4